Will Lemkul, NV Bar No. 6715
Christopher Turtzo, NV Bar. No. 10253
MORRIS, SULLIVAN & LEMKUL, LLP
3960 Howard Hughes Parkway, Suite 420
Las Vegas, NV 89169
Phone (702) 405-8100
Fax (702) 405-8101
lemkul@morrissullivanlaw.com
turtzo@morrissullivanlaw.com
*Attorneys for Defendant, Skechers USA, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA HOUSE, as Legal Guardian to LILLIE JIMENEZ-HOUSE, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> SKECHERS USA, INC., a foreign corporation; DOE Employees 1-10; DOE Individuals 11-20; and ROE Corporations 21-30, inclusive, <br><br> Defendants. | **Case No.** <br><br> **(Removed from Clark County District Court Case No: A-21-830984-C)** <br><br> **SKECHERS USA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT OF NEVADA – LAS VEGAS UNDER 28 USC § 1441 (DIVERSITY JURISDICTION)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA – LAS VEGAS:

Defendant SKECHERS USA, INC. ("Skechers") hereby removes this case to the United States District Court for the District of Nevada under 28 U.S.C. § 1441, based upon diversity jurisdiction as defined by 28 U.S.C. § 1332, as follows:

1. On March 12, 2021, Plaintiff ALICIA HOUSE, as Legal Guardian to LILLIE JIMENEZ-HOUSE, a minor ("Plaintiff"), filed a lawsuit in the District Court of Clark County, Nevada, titled *Alicia House, et al. v. Skechers USA, Inc., et al.*, Case No. A-21-830984-C, alleging three causes of action for Negligence, Negligent Hiring/Training/Supervision/Retention, and Respondeat Superior, stemming from a slip and fall at a Skecher's Factory Outlet, located at 1925 West Craig Road, No. 102, North Las Vegas, NV 89032 ("Subject Property").

2. Skechers was served with a copy of Plaintiff's Summons and Complaint on March 15, 2021. Attached as **Exhibit A** is a true and correct copy of the Summons and Complaint, along with the Affidavit for Service, served upon Skechers on March 15, 2021.

3. On March 15, 2021, Skechers received a copy of the Complaint. As such, this Notice of removal is, accordingly, timely filed. No further proceedings have been had in the state court action.

4. This Court has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1332 of the United States Code, and it is one which may be removed to this Court by Skechers under 28 U.S.C. §1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Further, the District Court of Clark County, Nevada is located in the United States District Court for the District of Nevada. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division within which such action is pending[.]" *See* 28 U.S.C. § 1446(a).

6. No previous application has been made for the relief requested herein.

7. Under 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the District Court of Clark County, Nevada.

**This Court Has Original Jurisdiction Under 28 U.S.C. §§ 1332 and 1441**

**(Diversity of Citizenship)**

8. **There is a complete diversity of citizenship.** The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. Strotek Corporation v. Air Transport Association of America, 300 F.3d 1129, 1131 (9th Cir. 2002). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3).

9. Skechers is informed and believes, and on that basis alleges that, at the time this action was commenced and at the time of removal, Plaintiff was, and is, a citizen of the State of Nevada.

10. At the time this action was commenced and at the time of removal, Skechers was, and is, incorporated in Delaware, with its principal place of business in the State of California.

11. Thus, complete diversity exists as of the time the action was commenced in state court and at the time of removal, and there are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. *See* Salveson v. Western State Bank Card Assn., 731 F.2d 1423 (9th Cir. 1984).

12. **The amount in controversy requirement is satisfied.** The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff has demanded more than $75,000 to resolve her claims.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006).) (internal citation omitted). But, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Id. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. Id. If the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) (*quoting* Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).) At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." Abrego, 443 F.3d at 691.

14. Plaintiff's Complaint prays for general damages for past and future harms and losses in an amount in *excess* of $15,000.00. *See* Compl., p. 8, ¶1. Although Plaintiff has not plead the required amount of $75,000.00 in the Complaint, Plaintiff has demanded more than $75,000 to resolve her claims.

///

3

15. Skechers disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Skechers can demonstrate that the amount in controversy exceeds $75,000.00 under the "preponderance of the evidence" standard. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. Id.

16. Based on the foregoing, this Court has original jurisdiction because there is a complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## This Court Has Supplemental Jurisdiction

17. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction'…." City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim. Zuniga v. Blue Cross & Blue Shield of Michigan, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs (1966) 383 U.S. 715, 725.

18. Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, i.e. the slip and fall at Skecher's Factory Outlet. This Court, therefore, has supplemental jurisdiction under 28 U.S.C. § 1367 of any other claims Plaintiff may raise in this action. *See* Priebe v. Autobarn, Ltd., 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs'

remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).

19. Based upon the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met. Defendant Skechers, accordingly, requests that this action now pending against it in the District Court of Clark County, Nevada be removed to this Court, and that this Court assume complete jurisdiction in this matter.

20. This removal notice is timely filed as it is filed less than 30 days after Skechers was served with the complaint. Therefore, removal of this case is timely.

21. Defendant will promptly notify plaintiff and the District Court of Clark County, Nevada of this removal as required by 28 U.S.C. § 1446(d).

Dated this 2nd day of April, 2021.

                                                            MORRIS, SULLIVAN & LEMKUL, LLP

By: */s/ Christopher Turtzo*
     Will Lemkul, NV Bar No. 6715
     Christopher Turtzo, NV Bar. No. 10253
     3960 Howard Hughes Parkway, Suite 420
     Las Vegas, NV 89169
     Phone (702) 405-8100
     Fax (702) 405-8101
     *Attorneys for Defendant, Skechers USA, Inc.*