# Exhibit 1

Electronically Filed
3/12/2021 10:07 AM
Steven D. Grierson
CLERK OF THE COURT

COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Hunter S. Davidson, Esq.
Nevada Bar No. 14860
hsd@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

CASE NO: A-21-830984-C
Department 26

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ALICIA HOUSE, as Legal Guardian to LILLIE JIMENEZ-HOUSE, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>SKECHERS USA, INC., a foreign corporation; DOE Employees 1-10; DOE Individuals 11-20; and ROE Corporations 21-30, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

Plaintiff Alicia House, as Legal Guardian to Lillie Jimenez-House, a minor, by and through

her counsel of record, Jamie S. Cogburn, Esq. and Hunter S. Davidson, Esq. of Cogburn Law,

hereby alleges as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 1 of 8

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

**PARTIES, JURISDICTION AND VENUE**

1.      At all times relevant hereto, Plaintiff Alicia House ("Plaintiff") was, and continues to be, an individual residing in Clark County, Nevada.

2.      At all times relevant hereto, Lillie Jimenez-House ("Minor") was, and continues to be, a minor residing in Clark County, Nevada.

3.      At all times relevant hereto, Plaintiff was, and continues to be, the legal guardian and parent of Minor.

4.      At the time of the incident giving rise to this Complaint, Minor was nine years old.

5.      At all times relevant hereto, Defendant Skechers USA, Inc. ("Skechers") was, and continues to be, a foreign corporation licensed to do business in Clark County, Nevada, and is located at 1925 West Craig Road, No. 102, North Las Vegas, Nevada 89032 ("Premises").

6.      Defendants named, referenced, or designated herein as DOE Employees 1-10 ("DOE Employees"), DOE Individuals 11-20 (DOE Individuals), and ROE Corporations 21-30 ("ROE Entities" and, together with Skechers, DOE Employees, and DOE Individuals, "Defendants") are employees, individuals, or entities whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, DOE Employees, DOE Individuals and ROE Entities are responsible in some manner for the events and happenings referred to herein.

7.      Upon information and belief, DOE Employees, DOE Individuals, and/or ROE Entities owed, operated, controlled, leased, managed, maintained and/or inspected the Premises which caused Plaintiff to slip and fall, therefore sustaining injuries.

8.      Upon information and belief, DOE Employees, DOE Individuals, and/or ROE Entities negligently, recklessly, and/or intentionally failed to perform or supervise performance of the maintenance, inspection, cleaning and/or repair of the Premises' floor where Plaintiff slipped and fell.

**COGBURN LAW**
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

COGBURN LAW

2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

9. Upon information and belief, DOE Employees, DOE Individuals and/or ROE Entities caused said injuries and damages arising proximately from the subject incident described further herein.

10. Plaintiff will seek leave to amend this Complaint as the true identities of DOE Employees, DOE Individuals, and ROE Entities become known.

11. All acts and occurrences giving rise to this action took place in Clark County, Nevada.

12. Nevada courts hold personal jurisdiction over Defendants pursuant to their purposeful contacts with the State of Nevada.

13. Venue in the Eighth Judicial District Court in and for the Count of Clark, State of Nevada is proper pursuant to NRS 13.040.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff re-alleges and incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

15. On August 6, 2017, Plaintiff and Minor were shopping for shoes at Skechers's Premises.

16. While Minor was trying on shoes, she slipped and fell on the Premises' slick floor.

17. Minor screamed in pain, but no employee came to her rescue.

18. Ultimately, Minor's family picked her up and took her to the emergency room.

19. As a result of the slip and fall, Minor suffered a broken leg and other injuries.

20. While recovering with a broken leg, Minor was restricted to a hard cast, which was applied from her thigh to her foot.

21. Defendants failed to properly maintain the Premises' by allowing a dangerous condition to exist.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

22. Defendants failed to properly maintain the Premises' by not displaying caution signs to warn their patrons of a dangerous condition.

23. As a result of Defendants' failures, Minor slipped, fell, and sustained injuries.

24. As a result of Defendants' failures, Plaintiff necessarily incurred associated medical costs in excess of $15,000.00 and may continue to incur future medical costs pertaining to care and treatment.

25. Minor's injuries and associated care and recovery have caused, and may continue to cause, Minor to experience future pain and suffering.

## FIRST CAUSE OF ACTION

### (Negligence Against All Defendants)

26. Plaintiff re-alleges and incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

27. Patrons of the Premises are entitled to a reasonable expectation that Defendants would maintain their Premises in a reasonably safe condition to ensure patron safety.

28. Defendants knew, or should have known, that by failing to maintain the Premises floor in a reasonably safe condition, they would create a foreseeable risk of harm to patrons, and in particular, Minor.

29. Defendants knew, or should have known, that failing to advise of the dangerous conditions of the Premises would create a foreseeable risk of harm to patrons, and in particular, Minor.

30. Defendants had actual or constructive notice of the dangerous condition of the Premises' where Minor slipped and fell.

31. Defendants failed to maintain the Premises in such a way as to avoid it posing a hazard.

COGBURN LAW

2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

32.     Defendants, despite their respective duties to inspect and maintain the Premises, failed to undertake reasonable efforts to ensure that the Premises was safe prior to Minor's slip and fall on August 6, 2017.

33.     Defendants, despite having notice of the dangerous condition, failed to undertake reasonable efforts to correct this condition or warn patrons of a potential hazardous and unsafe condition.

34.     In failing to maintain or inspect the Premises, Defendants knew, or should have known, it was foreseeable that a person would slip and fall, thereby causing injuries.

35.     As a result of Defendants' failure to act reasonably in inspecting or maintaining the Premises, an unreasonable risk of harm was allowed to exist at the Premises, directly leading to the harms and losses sustained by Minor.

36.     Had Defendants acted reasonably in ameliorating the above-mentioned dangerous condition in a timely manner and upon inspection or receipt of notice, the harms and losses sustained by Plaintiff would not have occurred.

37.     In failing to properly maintain and secure the Premises, Defendants breached their duties.

38.     As a direct and proximate result of Defendants' beach of their duties, Minor incurred physical injuries, some of which may be permanent and disabling in nature and experienced significant pain and suffering.

39.     As a further direct and proximate result of those injuries, Minor reasonably sought medical care and treatment of her injuries and was required to incur the costs and expenses incidental thereto, in an amount in excess of $15,000.00.

40.     Minor may further require future medical care and treatment as a result of her injuries sustained in the above-entitled incident and will necessarily incur costs and expenses associated therewith.

41.     As a direct and proximate result of Defendants' negligence as described herein, Plaintiff and Minor have been required to retain the services of Cogburn Law and is, therefore, entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision, and Retention Against All Defendants)**

42.     Plaintiff re-alleges and incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

43.     Defendants owed a duty of care to Minor to use reasonable care in the hiring, training, supervision, and retention of DOE Employees, DOE Individuals, and ROE Entities to whom they employed to maintain their Premises.

44.     Defendants knew, or should have known, that DOE Employees, DOE Individuals, and ROE Entities were unfit to maintain the Premises.

45.     Defendants breached their duty to Minor by failing to reasonably hire, train, and supervise, and DOE Employees, DOE Individuals, and ROE Entities regarding the condition of the Premises and to reduce the risk of slip and fall incidents.

46.     Defendants breached their duty to Minor by continuing to retain DOE Employees, DOE Individuals, and ROE Entities to maintain the floors and walkways in the Premises, despite the fact that they knew, or should have known, that said DOE Employees, DOE Individuals, and ROE Entities were unfit to perform their duties.

47.     As a direct and proximate result of Defendants' breach of their duties, Minor was injured, causing her pain and suffering of body and mind.

48.     As a further direct and proximate result of Defendants' breach of their duties, Plaintiff has incurred expenses for medical care and treatment in an amount to be proven at time of trial.

COGBURN LAW

2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

49.     Plaintiff and Minor have been forced to retain the services of Cogburn Law to represent him in this action, and is therefore entitled to reasonable attorney fees, costs of suit, and pre- and post-judgment interest as applicable.

## THIRD CAUSE OF ACTION

### (Respondeat Superior Against All Defendants)

50.     Plaintiff re-alleges and incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

51.     Upon information and belief, DOE Employees and/or DOE Individuals may have been, or were, employees of Skechers and/or ROE Entities at the time of the slip and fall incident described herein and were acting within the course and scope of such employment.

52.     Upon information and belief, DOE Employees and/or DOE Individuals, at the time of the subject incident, were acting within the course and scope of their employment.

53.     The liability of DOE Employees and/or DOE Individuals to Minor for injuries sustained in the slip and fall incident described herein is fully and wholly imputed to Skechers and/or ROE Entities pursuant to the doctrine of respondeat superior.

54.     As a direct and proximate result of Defendants' breach of their duties, DOE Employees caused the slip and fall incident of Minor, as described herein.

55.     As a further direct and proximate result of Defendants' breach of their duties, Minor was injured, causing her excruciating pain and suffering of body and mind.

56.     As a further direct and proximate result, Plaintiff has incurred expenses for medical care and treatment in an amount to be proven at time of trial.

57.     Plaintiff and Minor have been forced to retain the services of Cogburn Law to represent her in this action, and is therefore entitled to reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

COGBURN LAW

2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment of this Court as follows:

1.     For general damages for past and future harms and losses in an amount in excess of $15,000.00;

2.     For special damages for past and future harms and losses in an amount in excess of $15,000.00;

3.     For all costs of suit herein incurred;

4.     For reasonable attorney fees and pre-and post-judgment interest; and

5.     For such other and further relief as to this Court shall deem just and proper.

Dated this 12th day of March 2021.

COGBURN LAW


By:    */s/Hunter S. Davidson*
        Jamie S. Cogburn, Esq.
        Nevada Bar No. 8409
        Hunter S. Davidson, Esq.
        Nevada Bar No. 14860
        2580 St. Rose Parkway, Suite 330
        Henderson, Nevada 89074
        *Attorneys for Plaintiff*

**COGBURN LAW**
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880