UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA HOUSE, as Legal Guardian to L.J.H, | Case No.: 2:21-cv-00543-APG-BNW |
| Plaintiff | **Order Remanding Case to State Court** |
| v. | [ECF No. 15] |
| SKECHERS USA, INC., | |
| Defendant | |

      Defendant Skechers USA, Inc. removed this action on the basis of diversity jurisdiction. ECF No. 1.  I ordered Skechers to show cause why this case should not be remanded because the amount at issue does not meet this court's jurisdictional amount. ECF No. 9.  Around the same time, plaintiff Alicia House (as guardian and parent to her minor child L.J.H.) moved to remand the case. ECF No. 15.  Because there are insufficient facts to justify jurisdiction, I will remand this case to state court.

      "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations and citation omitted).  This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citations omitted). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. L.J.C. slipped in Skechers' store and broke her leg. She was placed in a hard cast for approximately six weeks and then had physical therapy, from which she was later discharged with minimal pain. ECF No. 19 at 2. She is no longer treating for her injuries. *Id.* L.J.C.'s medical expenses are $24,247.19. *Id.*

Skechers primarily relies on the plaintiff's pre-litigation settlement demand of $250,000. ECF No. 18 at 3. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In this case, House recently served an Offer of Judgment of less than

$58,000. ECF No. 19 at 3. While not a definitive indication of the value of the case, it is a much more realistic and reasonable estimate than the $250,000 pre-suit demand.

Based on my judicial, legal, and practical experience and common sense, I find that Skechers has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal,* 556 U.S. at 679. Consequently, I must remand this action to state court.

I THEREFORE ORDER that the plaintiff's motion to remand **(ECF No. 15) is GRANTED**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 26th day of August, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE